```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| ALBRITE CARPETS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 08-cv-10723 |
| ) | |
| TRAVELERS PROPERTY CASUALTY ) | |
| COMPANY OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

September 22, 2010

Saris, U.S.D.J.

Albrite Carpets, Inc. ("Albrite") brings this case against Travelers Property Casualty Company of America ("Travelers"), alleging that Travelers wrongfully denied its insurance claim for water damage. This Court previously allowed Travelers' motion for summary judgment with respect to Albrite's breach of contract and declaratory judgment claims. (Docket No. 39.) Albrite's only remaining claim alleges violations of Mass. Gen. L. chs. 93A and 176D based on allegedly improper claims handling practices.

After a review of the extensive record, Travelers' motion for summary judgment is **ALLOWED**.

## I.   BACKGROUND

The Court has written extensively on the facts of this case in its previous summary judgment opinion (Docket No. 39) and assumes the parties' familiarity with the facts.

In May 2006, the Shawsheen River flooded in what has been called the "Mother's Day Flood."  During and after this flood, Albrite's property, which is located adjacent to the Shawsheen River, was damaged by water entering the building.  At the time of the flood, Albrite was covered by an "all-risk" insurance policy purchased from Travelers, which covered certain types of water damage.  In its earlier memorandum, this Court held that, based on the undisputed evidence submitted, the Travelers policy did not cover the damage suffered by Albrite as a result of the flood.

With respect to its remaining claim, Albrite alleges that Travelers failed to properly investigate its insurance claim for damage to its facilities and inventory caused by the Mother's Day Flood.  (Compl. ¶ 19.)

## II.   DISCUSSION

**A.   <u>Standard of Review</u>**

Summary judgment is appropriate when "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  <u>Barbour v. Dynamics Research Corp.</u>, 63 F.3d 32, 36-37 (1st Cir. 1995) (quoting Fed. R. Civ. P. 56(c)).  To succeed on a motion for summary judgment, "the moving party must show that there is an

absence of evidence to support the nonmoving party's position." Rogers v. Fair, 902 F.2d 140, 143 (1st Cir. 1990); see also Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

Once the moving party has made such a showing, the burden shifts to the non-moving party, who "'may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing there is a genuine issue for trial.'" Barbour, 63 F.3d at 37 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)).  The non-moving party must establish that there is "sufficient evidence favoring [its position] for a jury to return a verdict [in its favor].  If the evidence is merely colorable or is not significantly probative, summary judgment may be granted."  Anderson, 477 U.S. at 249-50 (internal citations omitted).  The Court must "view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor."  Barbour, 63 F.3d at 36 (citation omitted).

**B.   Chapter 93A**

Under Chapter 93A, "unfair or deceptive acts or practices in the conduct of any trade or commerce" are unlawful.  Mass. Gen. Laws ch. 93A, § 2(a).  Similarly, Chapter 176D prohibits unfair methods of competition and unfair and deceptive acts and practices in the business of insurance.  Id. ch. 176D, § 3.

Defendants argue that because the Court ruled in its previous opinion that Travelers was entitled to judgment as a matter of law on Albrite's breach of contract claim, Albrite should not be permitted to move forward with these state law claims.

Through its opposition to defendants' motion for summary judgment, plaintiff has essentially requested that the Court reconsider its previous ruling allowing defendant's motion for summary judgment.  The First Circuit has enunciated a clear standard for motions for reconsideration:

> The granting of a motion for reconsideration is "an extraordinary remedy which should be used sparingly." 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed.1995). Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected. See In re Sun Pipe Line Co., 831 F.2d 22, 24-25 (1st Cir. 1987).  To obtain relief, the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law. See Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005).

Palmer v. Champion Mortg., 465 F.3d 24, 31 (1st Cir. 2006).

In particular, the plaintiff claims that the Court erred by finding that there was no evidence to support the allegation that wind, a covered cause of loss, caused the damage to the roof that allowed rain to seep in and damage the interior of Albrite's building.  Albrite argues that the Court misconstrued defendant's expert's opinion about the cause of the roof leak, stating "[h]e

-4-

did not, contrary to the Court's finding, state that the 'roof leak was caused by the volume of rain on the roof.'" (Pl.'s Opp'n Mot. Summ. J. at 13.)  In fact, the report of Leonard Morse-Fortier, defendant's expert, did declare that "the volume of rain on the roof led to the leaking."  (Morse-Fortier Decl. at 4.)  Albrite's expert, John Ponte, testified in his deposition that it was impossible to give an opinion as to the cause of the roof damage or the date of the roof damage. (Grumbach Aff., Attach. G at 19 [Docket No. 29-8].)  Neither expert opined that wind damage caused the roof leak, and there is no other evidence in this record suggesting that wind was the culprit.  Although plaintiff points to a letter written by Mr. Ponte, a letter is not admissible evidence.  As such, Travelers met its burden of showing an exclusion applied, and there was no contrary admissible evidence.

    The plaintiff argues that even if the damage to the roof was caused by wear and tear (excluded under Section B2 of the insurance policy), the Policy permits recovery for the loss if the excluded cause of loss (wear and tear) results in a "specified cause of loss," but only if it is otherwise a Covered Cause of Loss.  Pursuant to the Policy, a "specified cause of loss" includes "water damage," defined as "accidental discharge or leakage of water or steam as the direct result of the breaking apart or cracking of any part of a system or appliance . . . that is located on the described premises and contains water or

steam." (See Grumbach Aff., Attach. M at TR227-228.) The Court notes that plaintiff did not raise this argument in opposition to defendant's first motion for summary judgment and therefore waived the argument. In any event, the argument has no merit. Plaintiff appears to ask the Court to find that the water that leaked through the roof falls within that definition of "water damage." A roof is not a "system" or "appliance" and does not "contain" water or steam, and therefore leakage of water through cracks in the roof is not a "specified cause of loss." The plaintiff has not raised any newly discovered evidence, nor identified a manifest error of law. Accordingly, the Court will not reconsider its previous ruling.

Massachusetts law makes clear that "[a]n insurance company which, in good faith, denies a claim of coverage on the basis of a plausible interpretation of its insurance policy cannot ordinarily be said to have committed a violation of G.L. c. 93A." Lumbermens Mut. Cas. Co. v. Offices Unlimited, Inc., 419 Mass. 462, 468, 645 N.E.2d 1165, 1169 (1995). Where the company "went beyond a mere plausible interpretation of the policy and denied coverage based on a legally correct interpretation of the policy . . . there are no facts that support a claim that [the company] acted unfairly or deceptively." Id.; see also Strange v. Genesis Ins. Co., 536 F. Supp. 2d 71, 79 (D. Mass. 2008) (entering summary judgment for the defendant on a 93A claim where company took the plausible position, which the court determined to be the correct position, that the insurance policy did not cover the

plaintiff's claim).

Where, as here, the Court determined that the insurance company's position that the policy did not provide coverage was correct, a 93A claim cannot succeed.  Moreover, even if the Court had ruled in plaintiff's favor on the breach of contract and declaratory judgment claims, there is no evidence in the record to support a claim of bad faith on defendant's part.  As the Court discussed at length in its previous opinion, the defendant sought and relied upon the opinions of multiple experts who concluded the plaintiff's injuries were not caused by a covered cause of loss.  (See Docket No. 39.)  Plaintiff has not offered any evidence that defendants failed to properly and thoroughly investigate plaintiff's claim.  Therefore, there are no facts to support plaintiff's 93A claim of unfair and deceptive acts.

### III.  CONCLUSION

The Court **ALLOWS** defendant's motion for summary judgment on the 93A and 176D claims.

 /s/ PATTI B. SARIS
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE